UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
EDUARD GALPER                                        Index No:

                    Plaintiff,                    **COMPLAINT**


ARS NATIONAL SERVICES, INC.,

                    Defendants.
----------------------------------------------------------------X

      Plaintiff EDUARD GALPER ("Plaintiff") by and through his attorneys, upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

      1.      Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

      2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing

1

consumer protection laws were inadequate~ id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court over Plaintiff's claims is invoked pursuant to 28 U.S.C. §1331 and U.S.C §1692k(d).

4. Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

5. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

6. Plaintiff EDUARD GALPER ("Plaintiff") resides in the County of Kings in the State of New York.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

8. On information and belief, Defendant ARS NATIONAL SERVICES, INC. is a California corporation with its principal place of business in Escondido, California

## FACTUAL ALLEGATIONS

9. Defendant alleges Plaintiff owes a debt ("the Debt").

10. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

12. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

13. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated May 4, 2017. (**Exhibit 1.**")

14. The Letter was the initial communication Plaintiff received from Defendant.

15. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

   (1) the amount of the debt;

   (2) the name of the creditor to whom the debt is owed;

   (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   (4) a statement that if the consumer notifies the debt collector in writing within the thirty- day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name

and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

17. The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

18. Defendant's communication to Plaintiff did not include a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

19. Defendant's communication to Plaintiff did not include a statement that if the consumer notifies the debt collector in writing within the thirty- day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

20. Defendant's communication to Plaintiff did not include a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

21. Defendant's communication to Plaintiff failed to comply with 15

4

U.S.C. § 1692g.

22.     Defendant's communication to Plaintiff failed to include a statement required by 15 U.S.C. § 1692g(a)(4).

23.     Defendant's communication to Plaintiff failed to include a statement required by 15 U.S.C. § 1692g(a)(5).

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

24.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

25.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated provisions of the FDCPA, including, 15 U.S.C. § 1692g.

26.     Pursuant to 15 USC §1692g, a debt collector, Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

       1. The amount of the debt;

       2. The name of the creditor to whom the debt is owed;

       3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the

    debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and A statement that, upon the consumer's written request within the thirty- day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

27. The Defendant violated 15 U.S.C. §1692g.

28. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, statutory damages, costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from Defendant as follows:

1. Awarding Plaintiff statutory damages;
2. Awarding Plaintiff costs of this Action, including reasonable

attorneys' fees and expenses;

    3.    Awarding pre-judgment interest and post-judgment interest; and

    4.    Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: May 9, 2018

Respectfully submitted,

NAYDENSKIY LAW FIRM LLC

s/ Gennadiy Naydenskiy
Gennadiy Naydenskiy (GN5601)
281 Summerhill Rd, Suite 210
East Brunswick, NJ, 08816
(718) 808-2224
naydenskiylaw@gmail.com
*Attorney for Plaintiff*