*12/3/18*

*Recommendation adopted without objection. Complaint dismissed. Clerk will enter Judgment. So ordered.*

*s/ Raymond J Dearie*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
EDUARD GALPER,
                                    Plaintiff,

        - against -

ARS NATIONAL SERVICES, INC.,
                                    Defendant.
--------------------------------------------------------X

REPORT AND
RECOMMENDATION

18-CV-2753 (RJD) (JO)

James Orenstein, Magistrate Judge:

        For the reasons set forth below, I respectfully recommend that the court dismiss the

Amended Complaint for failure to prosecute. *See* Fed. R. Civ. P. 4(m), 41(b).

I.      Background

        On May 9, 2018, plaintiff Eduard Galper ("Galper") filed a Complaint accusing defendant

ARS National Services, Inc. of violating the Fair Debt Collection Practices Act. *See* Docket Entry

("DE") 1; 15 U.S.C. § 1692, *et seq.* Galper amended his pleading on June 28, 2018. *See* DE 5. Since

then, Galper has taken no action to prosecute his case. On October 1, 2018, I entered the following

order:

        A review of the docket indicates that the plaintiff has not filed proof of timely service of the
        summons and amended complaint as required on defendant ARS National Services, Inc. *See*
        Fed. R. Civ. P. 4(l), (m). No later than October 8, 2018, the plaintiff must either file proof of
        timely service on the docket or file a motion requesting an extension of the time to effect
        service for good cause. *See* Fed. R. Civ. P. 4(m). Failure to comply will result in a
        recommendation that the case be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 4(m),
        41 (b).

Order dated October 1, 2018. On October 10, after the deadlines in my previous order had passed

and none of the specified events had occurred, I entered a further order directing Galper to show

cause in writing by October 17, 2018, why I should not recommend that the action be dismissed for

failure to prosecute. Galper has not responded.

II.     Discussion

        A district court has the inherent power to manage its own affairs to achieve the orderly and

expeditious disposition of cases. *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (citing *Link v.*

*Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Consistent with that inherent authority, a district court

may dismiss an action, in the exercise of its sound discretion, "[i]f the plaintiff fails to prosecute or

to comply with ... a court order[.]" Fed. R. Civ. P. 41(b); *see Lewis*, 564 F.3d at 575 (noting that the

standard of review is abuse of discretion). Because dismissal on such grounds is unquestionably a

"harsh remedy" that should be used only in "extreme situations," *Lewis*, 564 F.3d at 575-76 (citations

omitted), a court considering such an action should examine five factors. Specifically, the court

should consider whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2)
> plaintiff was given notice that further delay would result in dismissal; (3) defendant
> was likely to be prejudiced by further delay; (4) the need to alleviate court calendar
> congestion was carefully balanced against plaintiff's right to an opportunity for a day
> in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* at 576 (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No

one factor is dispositive. *Id.* In weighing the five factors, the court must consider the record of the

entire case as a whole. *Id.* A court may find the standard for dismissal satisfied where it finds "a

pattern of dilatory tactics" or "an action lying dormant with no significant activity to move it[.]" *Lyell*

*Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

All five factors weigh in favor of dismissal. First, Galper has exhibited a "pattern of dilatory

conduct" and has allowed his claim to lie "dormant with no significant activity" for nearly four

months since filing the Amended Complaint on June 28, 2018. Galper has failed to file proof of

timely service of the Summons and Amended Complaint as required on the defendant. Second,

Galper's inaction has continued even in the face of repeated warnings that such behavior could

result in the dismissal of his claim. Third, applicable case law establishes a presumption that a

plaintiff's unreasonable delay will normally prejudice the defendants. *See, e.g., Shannon v. Gen. Elec. Co.*,

186 F.3d 186, 195 (2d Cir. 1999) (citing *Lyell Theatre Corp.*, 682 F.2d at 43). Fourth, because of

2

Galper's inaction, his claim against the defendant is at a standstill and his right to an opportunity for a day in court has been thoroughly vindicated, notwithstanding the fact that he has failed to take advantage of that opportunity. Finally, no lesser sanction than dismissal is likely to be effective in light of Galper's failure to respond to either of the orders directing him to take action on pain of possible dismissal.

III.     Recommendation

For the reasons set forth above, I respectfully recommend that the court dismiss the Amended Complaint for failure to prosecute.

IV.     Objections

Any objections to this Report and Recommendation must be filed no later than November 16, 2018. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated: Brooklyn, New York
       November 2, 2018

                                                 _____/s/_____
                                                 James Orenstein
                                                 U.S. Magistrate Judge

3